IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARTURO TORRES,<br><br>**Plaintiff,**<br><br>v.<br><br>LEVENCIA TATE and<br>NOAH BELTRAMEA,<br><br>**Defendants.** | Case No. 24-CV-01019-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court for consideration of Plaintiff Arturo Torres's Motion to Voluntarily Dismiss His Complaint. (Doc. 48). Having been fully informed of the issues presented, this Court **GRANTS** Plaintiff Torres's Motion to Dismiss.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The instant matter is an automobile negligence case stemming from an accident on August 9, 2022 on I-55 in Madison County, Illinois among Plaintiff Arturo Torres's tractor trailer and two cars driven by Defendants Levencia Tate and Noah Beltramea, respectively. (Doc. 1). Torres alleges that Tate slowed down suddenly, causing traffic to swerve into other lanes; Beltramea's vehicle collided with Torres's tractor trailer, causing it to overturn. (*See id.*, pp. 1–4). Torres filed the instant suit on April 2, 2024 seeking damages for lost income, medical bills, past and future pain, and loss of normal life. (*See id.*, pp. 2, 4). Torres is a citizen of Mexico residing in Texas and Tate and Beltramea are both citizens of Illinois and the amount in

controversy exceeds $75,000. (*See id.*, ¶¶ 1–3). Both Defendants filed Answers and crossclaims for contribution against each other on April 25 and April 27, respectively. (*See* Docs. 13, 18, 19). The Court entered a Scheduling Order on May 28, 2024 setting this case for CJRA Track B with a presumptive jury trial date of May 2025. (*See* Doc. 33).

After assessing the status of Torres's representation (*see* Doc. 40), the Court ordered Plaintiff's counsel, Attorney Steven Hart, to inform the Court of his intentions with regard to this case no later than July 8, 2024; namely, whether he intended to (1) continue with this case in its current state; (2) request to amend the Scheduling Order; or (3) voluntarily dismiss this case. (*See id.*). In his timely status report, Attorney Hart requested a twenty-one-day extension to meet and confer with opposing counsel, which this Court granted. (*See* Docs. 43, 44). Torres filed the instant motion on July 31, 2024. (*See* Doc. 48). Both Defendants filed responses in opposition (Docs. 49, 50) to which Torres replied (Doc. 52).

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Additionally, "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." *Id.* "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *Id.* Additionally,

> In deciding whether to grant a Rule 41(a)(2) motion to dismiss, courts should consider a variety of factors, including: (1) a defendant's effort and resources already expended in preparing for trial; (2) excessive delay and lack of diligence on the part of plaintiff in prosecuting the action; (3) insufficient explanation for the need of a dismissal; and (4) whether a summary judgment motion has been filed by defendant.

*Ripper v. Leisure Properties*, LLC, No. 18-CV-1719-SMY-RJD, 2019 WL 2422356 (S.D. Ill. June 10, 2019) (citing *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980)).

Torres argues that all four factors indicate that this case should be dismissed without prejudice. (Doc. 48, p. 2). He argues that "[t]his case is still in its infancy," that there is minimal delay in prosecuting this action, that his desire to file this case in state court is "sufficient explanation," and that a summary judgment motion has not been filed. (*Id.*, pp. 2–3). Tate and Beltramea disagree and argue that Torres has not considered the costs associated with the delays in this case, especially since the accident in question happened two years ago. (*See* Docs. 49, 50). They argue that Torres provides an explanation "tantamount to forum shopping." (Doc. 49, p. 2; Doc. 50, p. 2). Torres argues that Tate and Beltramea have not provided any legal support for this argument. (Doc. 52, p. 2).

Circuit Judge Posner has stated that "[a]uthorizing district judges to grant requests for voluntary dismissal 'on terms that the [district] court considers proper' is terribly vague" because "[i]t could be thought to give district courts unreviewable discretion, on the theory that a judge might 'consider' anything to be proper." *Wells Fargo Bank, N.A. v. Younan Properties, Inc.*, 737 F.3d 465, 467 (7th Cir. 2013). He argues that this "can't be right" because "[w]e have to assume that implicitly the word

'reasonably' intervenes between 'court' and 'considers.'" *Id.* "In a government of laws, judges are not permitted to make unreasonable rulings." *Id.* Notably, in *Younan Properties*, Judge Posner affirmed the district court's dismissal of the case pursuant to Federal Rule of Civil Procedure 41(a)(2) after the defendants contested whether federal jurisdiction existed. *See id.* at 467–70.

Considering the factors discussed above, the Court holds that this case should be dismissed without prejudice. While the Court set this case on CJRA Track B on May 6, 2024 (*see* Doc. 25) and entered a Scheduling Order on May 28, 2024 (*see* Doc. 32), Torres has fired and replaced his original attorneys with current counsel of record, who was not involved either in the decision to file this case in federal court or in the Scheduling Conference. (*See* Doc. 40). While Tate and Beltramea have filed Answers and crossclaims against each other (*see* Docs. 13, 19), counterclaims have not been filed. Most importantly, the Defendants' objections do not override a plaintiff's "right to seek dismissal of their case." *Ripper*, 2019 WL 2422356, at *2. This is especially true because Tate and Beltramea admit that discovery has not yet been conducted in any significant way. (*See* Docs. 49, 50). Unlike in *Younan Properties*, federal jurisdiction has not been contested; the only dispute in this case so far has been which law firm represented Torres. Therefore, this case shall be dismissed without prejudice in accordance with Torres's request.

## Conclusion

For the reasons set forth above, Plaintiff Arturo Torres's Motion to Voluntarily Dismiss His Complaint (Doc. 48) is **GRANTED**. This case is hereby **DISMISSED**

**without prejudice**. The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED: August 22, 2024**

<u>s/ *Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**
